UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

KEVEN M. LAFAVERS,            )
                    Movant,   )
                              )
vs.                           )     1:11-cv-131-JMS-MJD
                              )
UNITED STATES OF AMERICA.     )


**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. ' 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Keven LaFavers for relief pursuant to 28 U.S.C. ' 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The ' 2255 Motion**

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). LaFavers has filed such a motion, asserting that his sentence and restitution order were based on false loss amounts presented by the government, and that his counsel was ineffective in failing to verify the government=s alleged loss calculation.

Charges of conspiracy to commit wire fraud and wire fraud brought against LaFavers in No. 1:09-cr-114-JMS-KPF-02 were resolved through the submission and acceptance of his plea agreement with the United States. LaFavers agreed to plead guilty to both counts and did so in a hearing conducted on October 9, 2009. In addition, the plea agreement provided that LaFavers expressly waived his right to appeal his conviction and sentence on any ground and expressly agreed not to contest his sentence or the manner in which it was determined in any collateral attack, including but not limited to, an action brought under 28 U.S.C. ' 2255.

The court accepted LaFavers= plea, finding that it complied with the requisites of Rule 11 of the *Federal Rules of Criminal Procedure*. In doing so, the court found that LaFavers was entering his plea of guilty knowingly and voluntarily, and he understood the consequences of his plea. On February 2, 2010, the court sentenced LaFavers to a term of 33 months imprisonment on each count to be served concurrently, to be followed by an aggregate term of three years of supervised release. He was also ordered to pay $1,475,851.63 in restitution and was assessed the mandatory assessment of $200. Judgment was entered on the docket on February 18, 2010. No direct appeal was filed with respect to the disposition of the case.

The government argues that LaFavers' ' 2255 motion is barred by the waiver of post-conviction relief rights found in the written plea agreement. LaFavers responds that counsel was ineffective in allowing LaFavers to enter into a guilty plea containing inaccurate loss amounts which determined the amount of restitution he was ordered to pay.

LaFavers contends that the only alleged victim, Argent Mortgage Company, incurred no loss because a majority of the mortgages at issue were assigned to other lenders for full value. He argues that counsel should have realized this and that absent counsel's error, LaFavers' sentence would have fallen within a range of zero to six months and no restitution and no forfeiture. He asserts that, therefore, because the loss calculation was false and inaccurate, and because of ineffective assistance of counsel, his plea waiver could not have been knowingly and voluntarily made.

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case and will enforce the waiver unless there is a claim that the plea agreement/waiver was entered into involuntarily or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. In *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) the waiver was not knowingly and voluntarily made. *Jones* states that courts should be "[m]indful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to ' 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Id.* at 1145. *See also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of a deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief). Additionally, in *Mason*, the court stated that the following analysis should be considered in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id.*

As far as LaFavers' claim of ineffective assistance of counsel is concerned, his theory is not supported by the mortgage assignments he has submitted. LaFavers contends that Argent Mortgage Company received the full amount of the promissory note from either Ameriquest Mortgage Company or Wells Fargo each time it assigned a mortgage. To the contrary, each assignment was completed within days of the original transaction and each indicates that Argent Mortgage Company assigned or sold "for value received" a certain indenture of mortgage to Ameriquest Mortgage Company or Wells Fargo. The amounts of the mortgage are reflected on each assignment, but not as the amount received by Argent Mortgage from the assignee. The amount of any "value received" is not specified on the assignments. The entire basis of LaFavers' motion to modify the amount of his restitution is unfounded. Therefore, LaFavers has shown no ineffective assistance of counsel as it relates to his plea agreement.

Accordingly, the waiver provision must be enforced and his ' 2255 motion is barred.

LaFavers= claims are also barred because of an even more fundamental obstacle. His ' 2255 motion is a challenge to the amount of fraud loss applied in his case, which he contends resulted in an unlawful sentence and amount of restitution. A district court lacks jurisdiction to modify a sentence unless authorized by specific statute or rule. *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). To the extent LaFavers challenges the amount of his restitution, the court lacks jurisdiction. A ' 2255 motion is unavailable to challenge a restitution order imposed as part of a criminal sentence. *Barnickel v. Unites States*, 113 F.3d 704 (7th Cir. 1997) (section 2255 does not provide redress when challenging a fine rather than custody). LaFavers= attempt to have the amount of restitution he must pay reduced through his ' 2255 motion fails on this basis as well.

The foregoing circumstances show that LaFavers is not entitled to relief pursuant to 28 U.S.C. ' 2255. The motion for relief pursuant to ' 2255 is therefore denied. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that LaFavers has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ and Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 10/06/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana